NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACOB BEN-ARI, PH.D. | : | |
| | : | Civil Action No. 16-3354 (JMV) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| WARDEN CHARLES GREEN, | : | |
| Respondent. | : | |

APPEARANCES:

Jacob Ben-Ari, PH.D.
A#078-404-560
Baker County Facility
1 Sheriff's Office Drive
MacClenny, Florida 32063
    Petitioner, *pro se*

T. Monique Peoples, Esq.
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
    on behalf of Respondent

**VAZQUEZ**, United States District Judge

On June 9, 2016, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner seeks the following relief: (1) release from pre-final removal order detention by U.S. Immigration and Customs Enforcement ("ICE") or a bond hearing; (2) a stay of removal proceedings; (3) an order vacating the Immigration Judge's ("IJ") order changing venue; and (4) medical care. After the petition was filed, an Immigration

1

Judge granted Petitioner's motion to change venue to Miami, Florida. (ECF No. 5, Ex. 1.)  On November 9, 2016, Petitioner was transferred to the Baker County Facility in MacClenny, Florida, within the venue of the District Court for the Middle District of Florida.  (ECF No. 9 at 2.) Respondent, in its answer, requests that this Court transfer this matter to the venue where Petitioner is currently detained. (ECF No. 5 at 21, n. 2.)

## I.   DISCUSSION

When he filed the present petition, Petitioner properly named his immediate custodian Charles Green, warden of Essex County Correctional Facility, as the respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).  Petitioner has been transferred to Florida and is no longer detained within the District of New Jersey.

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94 (1973.)  A civil action may be brought "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).  "[A]n action may be transferred to the district in which the petitioner is currently being held, as the place of detainment may often be the most convenient forum to the parties." *Verissimo v. I.N.S.*, 204 F.Supp.2d 818, 820 (D.N.J. 2002) (citing *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976); *Starnes v. McGuire*, 512 F.2d 918, 928 (D.C. Cir. 1974)).

Petitioner's mandatory detention by ICE is based on his conviction of a felony in the Middle District of Florida. (ECF No. 6-1 at 25-27.)  Petitioner is challenging his conviction under 28 U.S.C. § 2255, in an effort to stop his removal from the United States. (ECF No. 1 at 10-12.) Petitioner is now in custody in the Middle District of Florida, where his proceeding under § 2255

is proceeding. *Ben-Ari v. United States*, 2:16-cv-104 (M.D. Fla., filed Jan. 26, 2016). In addition, Petitioner requested that his immigration matter be transferred from New Jersey to Florida, which occurred. Therefore, it is in the interest of justice and most convenient for the parties to transfer venue to the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a).

## II.     CONCLUSION

In the interests of justice and for the convenience of the parties, this Court will transfer this action to the U.S. District Court, Middle District of Florida.

An appropriate Order follows.


Date: December 2, 2016                                  s/ John Michael Vazquez
At Newark, New Jersey                                   JOHN MICHAEL VAZQUEZ
                                                        United States District Judge